| | |
|---|---|
| 1 | **MARTIN D. SINGER (BAR NO. 78166)** |
| | mdsinger@lavelysinger.com |
| 2 | **TODD S. EAGAN (BAR NO. 207426)** |
| | teagan@lavelysinger.com |
| 3 | **JAKE A. CAMARA (BAR NO. 305780)** |
| | jcamara@lavelysinger.com |
| 4 | **LAVELY & SINGER** |
| 5 | **PROFESSIONAL CORPORATION** |
| | 2049 Century Park East, Suite 2400 |
| 6 | Los Angeles, California 90067-2906 |
| | Telephone: (310) 556-3501 |
| 7 | Facsimile: (310) 556-3615 |
| 8 | |
| | Attorneys for Plaintiff |
| 9 | TROUSDALE VENTURES, LLC |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROUSDALE VENTURES, LLC, a Delaware limited liability company, | CASE NO.: 2:21-cv-06222 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **TRADEMARK INFRINGMENT (15 U.S.C. § 1114)** |
| NIMA SHAHIAN, an individual; TROUSDALE CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 10, Inclusive, | 2. **COMMON LAW TRADEMARK INFRINGEMENT** |
| | 3. **FALSE DESIGNATION OF ORIGIN (15 § U.S.C. 1125(a))** |
| | 4. **UNFAIR COMPETITION (Ca. Bus. & Prof. § 17200)** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

7087-3

COMPLAINT

Plaintiff Trousdale Ventures, LLC ("Trousdale Ventures" or "Plaintiff"), by its attorneys Lavely & Singer, Professional Corporation, complains against Nima Shahian ("Shahian") and Trousdale Capital Management, LLC ("TCM") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This case arises out of the outrageous and malicious campaign of startup venture capital firm TCM, and its CEO/founder Shahian, to unlawfully infringe on Plaintiff's federal and common law rights in and to the TROUSDALE VENTURES mark.

2. Plaintiff is a premier venture capital investment firm with significant acclaim in the industry. By contrast, TCM lacks any meaningful track record of success. Desperate to grow their business, Defendants have been passing themselves off as Plaintiff, trading on Plaintiff's name, brand, and goodwill for their own profit and business advantage.

3. Indeed, Defendants have gone so far as to impersonate Plaintiff to one of Plaintiff's own portfolio companies in an attempt to gain that portfolio company's business. Defendants deceptively induced the unsuspecting portfolio company to believe that it was communicating with Plaintiff, and, as part of the ruse, requested that the portfolio company share its sensitive financial and other confidential information with them.

4. It is shocking that, within the highly-regulated financial industry, Defendants would engage in such brazen and deceitful scheming which is intended to, and has, caused confusion in the marketplace. Defendants' actions are obviously fraudulent, deliberate, willful and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights.

## THE PARTIES

5. Plaintiff Trousdale Ventures, LLC is a Delaware limited liability company with its principal place of business at 9125 Sunset Blvd, West Hollywood, California 90069, and conducting business in the County of Los Angeles, State of California.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant Nima Shahian is, and at all times relevant to this action has been, an individual residing in the County of Los Angeles, State of California, and conducting business in the County of Los Angeles, State of California.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Trousdale Capital Management, LLC is a Delaware limited liability company with its principal place of business at 2029 Century Park East, Suite 400, Los Angeles CA 90067 and conducting business in the County of Los Angeles, State of California.

8. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named defendants sued herein as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the events, actions transactions and circumstances alleged herein. The true names and capacities of said fictitiously named defendants, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of this court to amend this Complaint to assert the true names and capacities of said fictitiously named defendants when same have become known to Plaintiff. Hereinafter all defendants, including the Doe Defendants, will sometimes be referred to collectively as "Defendants."

9. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, were the agents, employees, partners, joint-venturers, co-conspirators, owners, principals and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership or joint venture. Plaintiff is further informed and believes and based thereon alleges that the acts and

conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

10. Plaintiff is informed and believes, and based thereon alleges, that TCM, Shahian and one or more of Doe Defendants 1 through 10 are, and at all times material hereto were, the principal members, managers, shareholders, officers, directors and/or owners of TCM in that and the applicable Doe Defendants at all times relevant hereto directly owned, controlled, dominated, used, managed and operated TCM. Plaintiff is further informed and believes and based thereon alleges that at all times material hereto, TCM failed to follow corporate formalities and maintain a corporate identity separate and distinct from Shahian and the applicable Doe Defendants, and TCM has been a business conduit and alter ego of Shahian and the applicable Doe Defendants. Adherence to the fiction of the separate legal existence of TCM, on the one hand, and Shahian and the applicable Doe Defendants, on the other hand, as entities distinct from one another would permit abuse of the corporate privilege, would promote injustice, and would sanction a fraud upon Plaintiff.

11. Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants acted in concert, conspired and agreed among themselves to commit the wrongful acts and practices alleged in this Complaint, and that such wrongful acts and practices were committed pursuant to and in furtherance of such conspiracy and agreement, and with the consent and approval of each of the Defendants. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants are liable as a direct participant, co-conspirator and/or aider and abettor of the wrongful acts and practices alleged herein.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because this action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, *et. seq.*

13. This Court has personal jurisdiction over Defendants because they regularly transact, do and solicit business in this District, including by: using or causing to be used, offering to sell or causing to be offered for sale, and/or selling directly a variety of products and services that infringe Plaintiff's trademark to customers in the United States, including California and in this District, causing injury to Plaintiff as alleged further herein. Upon information and belief, Defendants derive substantial revenue from interstate commerce.

14. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are persons over whom this Court has personal jurisdiction and because a substantial part of the claims arose in this District.

## GENERAL ALLEGATIONS

### A. Trousdale Ventures, LLC is a Premier Venture Capital Investment Firm

16. Plaintiff is a premier venture capital investment firm. With each of its investments, Plaintiff works as a strategic partner and provides a combination of capital, investment expertise and operational experience to ensure its portfolio companies grow and succeed in the competitive marketplace.

17. Plaintiff is engaged in the advising of and the early-stage investing in scores of tech, health, automotive, sports, and hospitality companies all over the United States and throughout the world, including Bitmain, Collective Labs, PetDx, Venus Aerospace, and Coinbase, a now publicly traded company.

18. Plaintiff has used the TROUSDALE VENTURES mark continuously and exclusively in interstate commerce in connection with Plaintiff's financial services since at least as early as October of 2018. Plaintiff is the sole and exclusive owner of all

federal and common law rights in and to the TROUSDALE VENTURES mark, used and registered in International Class 036, US 100, 101, and 102 (venture capital financing; venture capital advisory services; financial services) (protected by U.S. Trademark Reg. No. 6169554 issued by the United States Patent and Trademark Office on October 6, 2020).

19. Attached hereto as **Exhibit A** is a true and correct copy of the above-referenced registration, which is valid, subsisting, in full force and effect.

### B. Defendants Infringe Upon the Trousdale Ventures Mark and Impersonate Plaintiff

20. Founded and incorporated on March 25, 2019, TCM purports to be a venture capital firm specializing in the technology and software industries. As a struggling startup, in order to grow their business, Defendants have been passing themselves off as Plaintiff, trading on Plaintiff's name, brand, and goodwill for their own profit and business advantage.

21. In 2021, Plaintiff discovered that, on at least one occasion, Defendants misrepresented themselves to one of Plaintiff's portfolio companies, Hive9. Defendants falsely presented themselves as Plaintiff, and caused Hive9 to believe they were communicating with Plaintiff. Defendants requested that Hive9 disclose its financial and other confidential information on that basis, under the deception that it was communicating with Plaintiff.

22. Defendants have knowingly misappropriated Plaintiff's registered mark to advertise and market their financial products and services, which, upon information and belief, are of a quality substantially different than, and far inferior to, Plaintiff's services. Specifically, Defendants have used and continue to use the names "Trousdale" and "Trousdale Capital" in their branding, promotional materials, and business name (the "Infringing Products and Services"). Defendants' use of "Trousdale" and "Trousdale Capital" is substantially and confusingly similar to Plaintiff's federally registered TROUSDALE VENTURES mark. Defendants' unauthorized use of Plaintiff's federally

registered mark, in connection with the marketing and sale of Defendants' own venture capital and private equity services, has a natural tendency to cause confusion, and has caused actual confusion, in the marketplace with respect to the parties' respective services, including, without limitation, among Plaintiff's clients and potential clients.

23. Upon information and belief, TCM was formed in 2019 and its website domain, www.trousdalecap.com, was purchased in 2019. This is subsequent to Plaintiff's first use of the TROUSDALE VENTURES mark in commerce. Defendants began using the names "Trousdale" and "Trousdale Capital" with full knowledge of Plaintiff's prior and exclusive rights in its trademarks in order to trade upon Plaintiff's goodwill and to give Defendants' business a marketability and a level of success that it would not otherwise have.

24. Defendants' actions have caused significant confusion in the marketplace, and such confusion will continue to occur should Defendants' actions continue. Such confusion is also evidenced by a Google search of Plaintiff's mark. As illustrated by the below screenshot, Defendants' website appears as the second and fourth search results, as well as being featured in the right-hand side contact pane:



Defendants are using infringements of the TROUSDALE VENTURES mark in order to unfairly compete with Plaintiff for space within search engine organic results and social media platform feeds, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff as well as reducing the visibility of Plaintiff's financial services on the Internet and on such social media platforms.

25. Defendants are not associated or affiliated with Plaintiff and have never been authorized or otherwise licensed to use the TROUSDALE VENTURES Mark or any other confusingly similar mark in connection with the sale or offering for sale of any products or services.

26. It is obvious that Defendants' startup business is attempting to cause confusion in the marketplace, and falsely suggest that Defendants' products and services come from or are otherwise associated with Plaintiff. Defendants' acts of trading on Plaintiff's name, brand, and goodwill for their own profit and business advantage are calculated and intentional, as evidenced by Defendants' impersonation of Plaintiff to one of its own portfolio companies with the deliberate intent to create a false impression as to the source or sponsorship of Defendants' services or to otherwise compete unfairly with Plaintiff.

27. Plaintiff served cease and desist letters on Defendants wherein Plaintiff provided notice of its rights in and to, and ownership of, the TROUSDALE VENTURES mark, and demanded that Defendants cease unauthorized use of the TROUSDALE VENTURES mark. Despite Plaintiff's service of cease and desist notices, Defendants have continued the unauthorized use of the TROUSDALE VENTURES mark to advertise, promote and sell or offer for sale Defendants' competing services.

28. Defendants' actions are malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge, and in conscious disregard, of Plaintiff's rights, and

with knowledge of Plaintiff's objection to such use of the TROUSDALE VENTURES mark.

# FIRST CLAIM FOR RELIEF

## (Trademark Infringement, 15 U.S.C. §1114)

**(Against All Defendants)**

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of the Complaint as if set forth in full herein.

30. Plaintiff is the owner of the TROUSDALE VENTURES mark, which is registered on the principal register for the categories of goods and services on which Defendants are using the trademark.

31. The mark is a valid, protectable mark.

32. The mark is distinctive and has been used throughout the United States, and is well known to the trade and members of the purchasing public.

33. Through their above-described actions, Defendants have used and continue to use in commerce a reproduction or copy of the mark and/or colorable imitations thereof that are confusingly similar to the mark in connection with the sale, offering for sale, distribution, or advertising of products and services, which use is likely to cause consumer confusion, or to cause mistake, or to deceive.

34. The aforesaid conduct of Defendants is without the consent or permission of Plaintiff.

35. Defendants infringed upon the mark willfully. Defendants were on constructive notice of Plaintiff's exclusive rights in the TROUSDALE VENTURES mark prior to their own unauthorized and unlawful use of the "Trousdale" and "Trousdale Capital" names.

36. As a proximate result of Defendants' infringement, Plaintiff has suffered and continues to suffer monetary damages in an amount not yet fully ascertainable but which is believed to be in excess of One Million Dollars ($1,000,000), and Defendants


have unlawfully profited in an amount which cannot be accurately computed at this time but will be proven at trial.

37. Plaintiff is further entitled to injunctive relief because the conduct of Defendants has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

38. This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. §1117(a) in that Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard to Plaintiff's rights. As such, Plaintiff is entitled to damages and the trebling of its damages and recover its attorneys' fees pursuant to 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF
## (Common Law Trademark Infringement)
## (Against All Defendants)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of the Complaint as if set forth in full herein.

40. Plaintiff enjoys common law rights to the TROUSDALE VENTURES mark in California and this judicial district.

41. Defendants' acts have caused, and are likely to cause, consumer confusion, cause mistake, or deceive.

42. Defendants' acts constitute trademark infringement in violation of California common law.

43. Plaintiff has been irreparably harmed, and will continue to be irreparably harmed, as a result of Defendants' conduct for which there is no adequate remedy of law, and is entitled to injunctive relief.

44. To the extent that discovery shows that Defendants' actions have been intentional, willful and/or in bad faith, then such actions would be oppressive, fraudulent and/or malicious and/or in reckless disregard of the rights of Plaintiff, entitling Plaintiff to an award of punitive damages under state common law.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin 15 U.S.C. §1125(a))

### (Against All Defendants)

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of the Complaint as if set forth in full herein.

46. The TROUSDALE VENTURES mark has substantial goodwill, is distinctive, has been used throughout the United States, and is well known to the trade and members of the purchasing public. The public associates and identifies the mark with Plaintiff.

47. Without authorization or consent, Defendants have used the mark to advertise and sell the Infringing Products and Services. On information and belief, Defendants have acted with full knowledge of Plaintiff's use of, and statutory and common law rights in and to, the TROUSDALE VENTURES mark, and without regard to the likelihood of confusion of the public created by those activities.

48. Defendants' distribution, advertisement, sale, offer for sale, and/or other sale of the Infringing Products and Services constitutes false designation of origin or sponsorship of said products and services and tends falsely to represent that the products and services originate from Plaintiff or have been sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff. Such conduct of Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of the Infringing Products and Services or cause said persons to believe that the Infringing Products and Services and/or Defendants' infringing conduct have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

49. Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

Accordingly, Plaintiff is entitled to damages and the trebling of its damages pursuant to 15 U.S.C. § 1117.

50. This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a)

51. Plaintiff is also entitled to the disgorgement of Defendants' profits pursuant to 15 U.S.C. § 1117(a).

52. Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief because the conduct of Defendants described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its trademarks, and to the business, reputation, and goodwill of Plaintiff.

53. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer monetary damages in an amount not yet fully ascertainable but which is believed to be in excess of One Million Dollars ($1,000,000), and Defendants have unlawfully profited, in an amount which cannot be accurately computed at this time but will be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition, Cal. Bus. & Prof. Code §17200)
**(Against All Defendants)**

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of the Complaint as if set forth in full herein.

55. As alleged hereinabove, in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), Defendants have engaged in unlawful, fraudulent and/or unfair business practices and have utilized certain improper, fraudulent and/or unlawful means to unjustly enrich themselves, and to cause deliberate

injury to Plaintiffs, by, among other things, the conduct set forth in paragraphs 1 through 25 above.

56. Defendants, and each of them engaged in unlawful, fraudulent and/or unfair business practices under the UCL by, among other things, (1) knowingly and willfully conspiring and agreeing to misuse and actually misusing Plaintiff's TROUSDALE VENTURES mark by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services with the intent to injure Plaintiff for their economic gain in order to unfairly compete with Plaintiff in the financial services industry; and (2) misrepresenting themselves to at least one of Plaintiff's own portfolio companies, falsely presenting themselves as Plaintiff and causing that portfolio company to believe they were communicating with Plaintiff and requesting that the portfolio company disclose its financial and other confidential information on that basis; and (3) using deceptive representations or designations of origin in connection with Defendants' services.

57. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation. As alleged in Paragraphs 1 through 25 above, Defendants' acts constitute unlawful acts that violated Federal and State law, including the Lanham Act §§ 1114 *et seq.*, as alleged above, and Civil Code §§ 1572 (actual fraud), and 1709 (deceit).

58. Plaintiff has been, and will continue to be, damaged and irreparably harmed by Defendant's actions unless they are enjoined by this Court. The unauthorized use by Defendants of the TROUSDALE VENTURES mark is causing and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff has no adequate remedy at law for this injury.

59. As a direct and proximate result of Defendants' violations of California Business and Professions Code §§ 17200, *et seq.*, Plaintiff has suffered and will continue to suffer an injury in fact and is entitled to restitution and disgorgement of ill-gotten profits in an amount to be determined at trial, as well as a temporary restraining order,

preliminary injunction, and permanent injunction pursuant California law. Plaintiff is informed and believes that Defendants will continue to do those acts alleged herein unless this Court orders Defendants to cease and desist.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For an adjudication that Defendants have willfully and in bad faith infringed Plaintiff's TROUSDALE VENTURES mark in violation of the Lanham Act and common law;

2. For an adjudication that Defendants are liable for false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

3. For an adjudication that Defendants are liable for unfair business practices in violation of Cal. Bus. & Prof. Code § 17200;

4. For preliminary and permanent injunctions enjoining and restraining Defendants, their agents, employees, representatives, partners, joint venturers, and anyone acting on behalf of, or in concert with Defendants from using the mark or any other mark that is confusingly similar to Plaintiff's mark;

5. For monetary relief, including, but not limited to, actual and compensatory damages under the Lanham Act and the common law, Defendants' profits under the Lanham Act and common law, and punitive damages under California Civil Code § 3294 and any and all other state statutes (in connection with the state common law claim) according to proof at trial;

6. That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under the Lanham Act or as otherwise provided by law and that damages resulting from Defendant's infringement and unfair competition under the Lanham Act be trebled in accordance with the provisions of 15 U.S.C. § 1117;

7. For the restitution or disgorgement of any and all profits or other consideration obtained, earned, or derived from Defendants' acts of unfair competition, in accordance with proof at trial, together with interest thereon at the legal rate;

8. That Defendants be ordered to pay to Plaintiff pre-judgment and post judgment interest on all sums allowed by law;

9. That Defendants be ordered to pay to Plaintiff its costs incurred in this action; and

10. For such other and further relief as the court deems just and proper.

Dated: August 2, 2021

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
TODD S. EAGAN
JAKE A. CAMARA


By:   /s/ Martin D. Singer
      MARTIN D. SINGER
Attorneys for Plaintiff
TROUSDALE VENTURES, LLC

# DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a jury trial on all issues triable set forth in this Complaint.

Dated: August 2, 2021

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
TODD S. EAGAN
JAKE A. CAMARA


By:   /s/ Martin D. Singer
      MARTIN D. SINGER
Attorneys for Plaintiff
TROUSDALE VENTURES, LLC